# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TOMMY LEE COMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00786 |
| ) | Judge Trauger |
| SUMNER COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff Tommy Lee Combs, an inmate at the Sumner County Jail in Gallatin, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the Sumner County Jail (Doc. No. 1), and an application to proceed in this court without prepaying fees and costs (Doc. No. 2).

**I.   Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application (Doc. No. 2) that he lacks sufficient financial resources to pay the full filing fee in advance, his application (Doc. No. 2) will be granted. The plaintiff is nonetheless responsible for the $350.00 filing fee, so the fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.   Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

A. **Factual Allegations**

Plaintiff alleges that water pipes in the eating area of the Sumner County Jail "continuously leak" over inmates' trays, resulting in "serious health hazard[s]" and "sanitation issues." (Doc. No. 1 at 5.) He alleges that jail staff, including Sonya Trout, ignore grievances regarding this issue. (*Id.*) Plaintiff also alleges that there is "black mold" in "several" living areas of the jail. (*Id.*) According to Plaintiff, the jail administration told "the trustees to simply ignore and paint over the black mold." (*Id.*)

B. **Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se*

pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

Here, Plaintiff names only the Sumner County Jail as a defendant. (Doc. No. 1 at 1–2.) The jail, however, is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Cap Brighton*, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that jail facilities are improper defendants under § 1983). Although the court may liberally construe the plaintiff's reference to the Sumner County Jail as an attempt to impose liability on Sumner County itself, doing so would be futile in this case. For Sumner County to be liable under Section 1983, the plaintiff must show that the county's "policy or custom directly caused" the alleged deprivation of his constitutional rights. *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). The plaintiff makes no such allegation here. Accordingly, the Sumner County Jail will be dismissed as a party.

Although he does not name her a defendant, the plaintiff also alleges that jail administrator Sonya Trout either hid or ignored his grievances regarding leaking pipes and black mold. (Doc. No. 1 at 5.) In support of this allegation, the plaintiff attached to the complaint several pages of handwritten grievances addressed either "To Whom It May Concern" or to Sonya Trout. (*Id.* at 7–13.) To the extent that the plaintiff may seek to hold Trout liable as a supervisor, the plaintiff's

claim "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). Trout's alleged mishandling of the plaintiff's grievances—either by denying them or failing to act in response to them—is not the type of "direct participation" that gives rise to liability under Section 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'").

Finally, the court notes that, under the "Cause of Action" section of the complaint, the plaintiff refers to a Tennessee state law regarding the provision of "safe water, sanitation, and hygiene." (Doc. No. 1 at 5.) In doing so, the plaintiff cites to "Statute 2152h." (*Id.*) That citation does not appear to correspond to any section of the Tennessee Code, but to a section of the United State Code titled "Assistance to provide safe water, sanitation, and hygiene." *See* 22 U.S.C. § 2152h. Section 2152h is a part of the Foreign Assistance Act intended to promote good health in foreign countries, and is entirely unrelated to the conditions of confinement in county jails. *See id.* §§ 2152h(a)(1) and (b) (emphasis added) (authorizing the President of the United States "to furnish assistance for programs *in developing countries* to provide affordable and equitable access to safe water, sanitation, and hygiene"). Accordingly, it does not provide the plaintiff an avenue for relief in this action.

### III. Conclusion

For these reasons, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted, and this action will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court will also certify

4

that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The court, therefore, will not grant the plaintiff leave to proceed *in forma pauperis* on any appeal.

The court will enter an appropriate order.

_____
ALETA A. TRAUGER
United States District Judge